NH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Glenda Roxany Miralda,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-04348-PHX-GS

**ORDER**

On June 22, 2026, Rosa Miralda filed this action as a "next friend" of Petitioner, Glenda Roxany Miralda, under 28 U.S.C. § 2241 challenging Petitioner's immigration detention. (Doc. 1.) Pursuant to General Order 26-09 (GO 26-09), the Court directed Respondents to show cause why the Petition should not be granted. (Doc. 5 at 1.) Respondents entered a Notice of Appearance on June 30, 2026, but failed to respond to the Petition as instructed in the General Order. (Doc. 7.)

In a July 20, 2026 Order, the Court denied Rosa Miralda's request to proceed as next friend for Petitioner, appointed Assistant Federal Public Defender Keith J. Hilzendeger to represent Petitioner, and gave Mr. Hilzendeger 20 days to file an amended petition or notify the Court that he does not intend to file one. (Doc. 8.) On August 10, 2026, Petitioner filed an Amended Petition. (Doc. 10.) Respondents again failed to respond to the Amended Petition. On August 18, 2026, Petitioner filed a Motion to Summarily Grant Habeas Petition. (Doc. 12.) Respondents failed to file a response. The Court grants the Amended Petition only as to Petitioner's bond hearing request.

## I. Amended Petition

In the Amended Petition, Petitioner alleges she entered the United States in 1995 without inspection, and in 1999, obtained Temporary Protected Status (TPS), which she maintained until 2024 or 2025. (Doc. 10, ¶ 12.) Petitioner briefly departed the United States, in 2014, for a family emergency and upon her return, was paroled into the United States in the Miami, Florida, port of entry. (*Id.* ¶ 13.) She was also the beneficiary of a visa petition filed by her United States Citizen sister in 2015. (*Id.* ¶ 15.) Since Petitioner's arrival in 1995, she has maintained employment. (*Id.* ¶ 16.)

On October 17, 2025, Petitioner was arrested by the Miami-Dade County Sheriff's Office for allegedly possessing a stolen vehicle. (*Id.* ¶ 17.) At the time of arrest, she was charged with grand theft in the second degree, possession of a vehicle with an altered vehicle identification number (VIN), unlawfully obtaining goods with an invalid vehicle title, possession of a counterfeit VIN or decal, and possession or sale of a manufacture's VIN plate that has been removed from the motor vehicle for which it was manufactured. (*Id.* ¶ 18.) According to Petitioner, "[t]he Miami-Dade County Sheriff's Office Complaint/Arrest Affidavit allege[d] that the vehicle driven by [Petitioner] as the time of her arrest had been stolen in January 2025, and the bill of sale [Petitioner] presented to the Florida Department of Motor Vehicles . . . was fraudulent." (*Id.* ¶ 19.)

On October 19, 2025, Petitioner was detained by immigration authorities and subsequently transferred to the Eloy Detention Center, where she has remained in Immigration and Customs Enforcement (ICE) custody without a bond hearing pursuant to 8 U.S.C. § 1225(b) and the post-Laken Riley Act version of 8 U.S.C. § 1226(c) as a noncitizen arrested for a theft offense. (*Id.* ¶ 22.)

On December 15, 2025, the State of Florida filed an information charging Petitioner with possession of a vehicle with an altered VIN, unlawfully obtaining goods with an invalid vehicle title, possession of a counterfeit VIN or decal, and possession of a manufacturer's VIN which has been removed from the motor vehicle for which it was

manufactured. (*Id.* ¶ 23.) Notably, the initial charge of grand theft to the second degree was not included in the information, along with two other charges. (*Id.* ¶ 24.)

During this time, Petitioner also attended her immigration proceedings, where she testified to an Immigration Judge that she pled not guilty to the Florida State criminal offenses, that the car that she was driving at the time of her arrest was a gift for her eldest daughter from her daughter's father, and that she had nothing to do with the purchase of the vehicle. (*Id.* ¶ 27.) On January 15, 2026, an Immigration Judge found Petitioner credible but denied her application for Cancellation of Removal and ordered her removed to Honduras.[1] (*Id.* ¶ 29.) Among other findings, the Immigration Judge determined that Petitioner could not meet her burden to establish eligibility for relief due to her outstanding criminal charges. (*Id.*) Petitioner timely appealed the decision to the Board of Immigration Appeals. (*Id.* ¶ 31.)

In her Florida state criminal proceedings, a capias warrant issued seeking Petitioner's extradition because Petitioner failed to appear for her criminal proceedings. (*Id.* ¶ 30.) Although Petitioner's immigration counsel forwarded the warrant to ICE Enforcement and Removal Operations seeking their assistance with Petitioner's transport to Florida, the deportation officer declined the request. (*Id.* ¶¶ 32-33.)

Petitioner asserts several claims that are summarized as follows: (i) her continued detention under 8 U.S.C. § 1225(b)(2)(A) and the post-Laken Riley Act version of 8 U.S.C. § 1226(c) is unlawful because it violates the Due Process Clause of the Fifth Amendment; (ii) her detention without an individualized bond hearing violates 8 U.S.C. § 1226(a); and (iii) the post-Laken Riley Act version of 8 U.S.C. § 1226(c) is unconstitutional as applied to her. (*Id.* ¶¶ 37-57.) Petitioner seeks release from custody under an order of supervision or an immediate bond hearing. (*Id.* ¶ 58(e).)

---

[1] Petitioner's immigration counsel requested to delay the immigration proceedings so that Petitioner could first resolve her criminal matter, but the Immigration Judge denied the requests.

**II. Discussion**

First, the Court finds that Petitioner is not "seeking admission" such that she is subject to detention under § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Federal Det. Center Miami*, 175 F.4th 1258, (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, 175 F.4th 828, (7th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, (2d Cir. 2026); *Echevarria v. Bondi*, No. CV-25-03252, 2025 WL 2821282 (D. Ariz. 2025).

Second, because Respondents fail to address the issue of whether Petitioner is detained pursuant to the post-Laken Riley Act version of 8 U.S.C. § 1226(c), the Court finds Respondents have conceded that point. *See N-E-M-B v. Wamsley*, CV-25-00989, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."). Accordingly, the Court grants the Amended Petition as to Petitioner's bond hearing request.

Petitioner also argues that her detention has been prolonged and, thus, violates the Due Process Clause of the Fifth Amendment. (Doc. 10, ¶¶ 37-49.) Because Respondents did not address whether Petitioner's detention has been prolonged, the Court finds they have conceded that point to which they carry the burden of persuasion at a bond hearing. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned."). Further, because Petitioner has been in immigration detention since October 19, 2025, the Court finds Petitioner's detention has become prolonged and therefore directs that Petitioner be provided a bond hearing that complies with the procedural requirements promulgated in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

**IT IS ORDERED:**

(1) Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 10) is GRANTED as to Petitioner's bond hearing request. The Petition is otherwise DENIED.

(2) Respondents must provide Petitioner a bond determination hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), within **seven (7) days of the date of issuance of this Order,** or release Petitioner from custody under the same conditions that existed before her detention.

(3) Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing her a bond hearing. **If applicable, that notice must include the bond hearing result.**

(4) Any pending motions are denied as moot, and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 10th day of September, 2026.

Honorable Greg Sakall
United States Magistrate Judge